Jason M. Drangel (JD 7204)
Robert L. Epstein (RE 8941)
William C. Wright (WW 2213)
**EPSTEIN DRANGEL BAZERMAN & JAMES, LLP**
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NEVRON SOFTWARE LLC

                    Plaintiff,

                                        Case No.

    v.

INTERSOFT SOLUTIONS CORP.

                    Defendant.
------------------------------------------------------------X

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101 et seq and related state law claims for unfair competition under New York law. This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1338(a).

2. Venue is proper in this district under 28 U.S.C. 1391 and 1400(a).

### PARTIES

3. Plaintiff Nevron Software LLC (hereinafter referred to as "Plaintiff") is a Delaware limited liability company having a registered U.S. address located at 501 Silverside Road, Suite 105, Wilmington DE 19809.

4. Upon information and belief, Defendant Intersoft Solutions Corp. is a corporation organized and existing under the laws of Indonesia, having a principal place of business at Tamara Plaza. Floor 6th Suite 611, Sudirman Street Kav 24, 12920 – Jakarta, Indonesia. (hereinafter referred to as "Defendant") Defendant conducts business in this District and many of the acts and infringing conduct complained of have occurred in this District.

## BACKGROUND FACTS

5. Plaintiff is and, at all times relevant to the matters alleged in this complaint, has been engaged in the business of creating, producing, marketing and distributing software components on-line.

6. Plaintiff is a pioneer company for component based data visualization technology. Plaintiff was founded to deliver the ultimate data visualization solution and graphical user interface technologies for the .NET platform. Plaintiff's programs are built from the ground up, with the idea of speed, stability, extensibility, and avoiding limitations for further development.

7. Plaintiff's portfolio of products includes the most advanced charting, diagramming and user interface components that aim to provide customer applications with the best available data visualization and presentation capabilities.

8. In 2002, Plaintiff developed a product called "NEVRON CHART FOR .NET" (hereinafter referred to as the "Work").

9. The Work can display virtually any 2D or 3D chart. Other features of the Work include scrollable axes, integrated legend, chart annotations, watermarks and a very extensible

chart layout manager. The Work also features full Visual Studio design time support with many advanced features like style editors, among others.

10. The Work has won the following industry accolades, among others: SYS-CON Media 2007 NET Reader's Choice Awards Finalist; NET Developer's Journal Readers' Choice Award 2005; and MSD2D.com 2005 Readers' Choice Award.

11. The Work computer code wholly original with Plaintiff that is copyrightable subject matter under the laws of the United States.

12. On or about November 14, 2007, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the Work. The Certificate was issued by the Register of Copyrights effective as of November, 15, 2007 and bears the registration number TX 6-814-400. A true and correct copy of the Certificate is attached hereto as Exhibit 1.

13. Plaintiff, through predecessor companies is currently and at all relevant times has been the sole proprietor of all right, title and interest in and to the copyright in the Work.

14. Plaintiff has produced and distributed the Work in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

15. Plaintiff has marketed and distributed, and is marketing and distributing the Work through Plaintiff's website (NEVRON.COM) and other on-line third party distributors of software applications.

## DEFENDANT'S CONDUCT

16. Established in 2000 in Indonesia, Defendant provides solutions for eBusiness in mid to enterprise-sized companies.

17. Defendant has recently started a new division which focused on .NET server control development targeted for ASP.NET platform and Internet Explorer technology.

18. Defendant contacted Plaintiff in order to discuss the potential for establishing a business relationship with Plaintiff to incorporate the Work into Defendant's .NET product line. Upon failing to agree to terms with Plaintiff to do so, Defendant copied the Work and began to offer for sale and sell illegal and unauthorized copies of the Work, without compensation to Plaintiff.

19. Defendant has even indicated in marketing and promotional materials that Plaintiff's Work is incorporated in Defendant's product line, without authorization to do so.

20. Upon information and belief, Defendant is and has been reproducing, distributing, promoting and offering for sale illegal and unauthorized copies of the Work on products that are directly competitive with those sold by Plaintiff.

21. Defendant has sold the unauthorized copies through the same channels of trade as Plaintiff and to the same customers as Plaintiff, located within this District, throughout the United States and over the Internet.

22. On August 8, 2007, Plaintiff placed Defendant on notice of its rights and required that it cease and desist. Defendant has failed to do so, despite the warning.

23. The natural, probable and foreseeable result of Defendant's wrongful conduct has been and will be to deprive Plaintiff of the benefits of selling products bearing the Work, to deprive Plaintiff of goodwill associated with the Work, and to injure Plaintiff's relations with present and prospective clients and customers.

24. Upon information and belief, Plaintiff believes that it has lost and will continue to lose substantial revenues from the sale of products bearing the Work and will sustain damage as a result of Defendant's wrongful conduct and Defendant's production and sale of infringing products bearing unauthorized reproductions of the Work. Defendant's

wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

25. Upon information and belief, Plaintiff believes that unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's Work and works derived from it. As a direct and proximate result of the acts of Defendant alleged above, Plaintiff has already suffered irreparable damage and has sustained lost profits.

26. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendant's actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (Reg. No. TX 6-814-400)

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-26, inclusive and incorporates same by reference, as if fully set forth herein.

28. By its actions alleged above, Defendant has willfully infringed and will continue to infringe Plaintiff's copyright (Reg. No. TX 6-814-400) in and relating to the Work by producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Work.

29. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

30. Plaintiff is further entitled to recover from Defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

### IV.  UNFAIR COMPETITION

1. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint as though fully set forth herein.

2. This is a claim by Plaintiff for unfair competition under the common law of New York.

3. The amount in controversy is greater than $75,000.

4. By the acts above, Defendant has unlawfully appropriated Plaintiff's property, including, but not limited to, Plaintiff's proprietary and novel, technology. Defendant has no privilege or justification to engage in the activity herein-above described and has unfairly competed with Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A) That the Court find that Defendant has infringed Plaintiff's copyright in the Work.

B) That the Court find a substantial likelihood that Defendant will continue to infringe Plaintiff's copyright in the Work unless enjoined from doing so.

C) That Defendant, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be preliminarily and

permanently enjoined from directly or indirectly infringing Plaintiff's copyright in the Work, unfairly competing with or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Work or to participate or assist in any such activity.

D) That Defendant, its directors and officers agents, servants, employees, and all other persons in active concert or privity or in participation with them, be preliminarily and permanently enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Work in their possession, custody or control.

E) That Defendant, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendant, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the Work.

F) That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Work.

G) That Defendant be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order.

H) That judgment be entered for Plaintiff and against Defendant for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's copyright.

I) That judgment be entered for Plaintiff and against Defendant for damages due to Defendant's unlawful activities.

J) That judgment be entered for Plaintiff and against Defendant for increased damages due to the willfulness of Defendant's unlawful activities.

K) That Defendant be required to account for all gains, profits, and advantages derived from its acts of infringement.

L) That all gains, profits and advantages derived by Defendant from its acts of infringement be deemed to be held in constructive trust for the benefit of Plaintiff.

M) That Plaintiff have judgment against Defendant for Plaintiff's costs and attorneys' fees.

N) That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: November 29, 2007     EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Jason M. Drangel (JMD 7204)
Robert L. Epstein (RE 8941)
William C. Wright (WCW 2213)
Attorneys for Plaintiff
60 East 42nd Street
Suite 820
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

TX 6-814-400

Effective date of registration:

November 15, 2007

## Title
- **Title of Work:** Nevron Chart for .Net 4Q 2006

## Completion/Publication
- **Year of Completion:** 2006
- **Date of 1st Publication:** March 29, 2007     **Nation of 1st Publication:** United States

## Author
- **Author:** Nevron Software LLC
- **Author Created:** computer program
- **Work made for hire:** Yes

## Copyright claimant
- **Copyright Claimant:** Nevron Software LLC
  60 East 42nd Street, Suite 820, New York, NY, 10165

## Limitation of copyright claim
- **Material excluded from this claim:** Nevron Chart for .Net has undergone numerous version updates since 2002. Nevron Chart for .Net V.1.0 was filed simultaneously herewith
- **Previously registered:** Yes
- **Basis of current registration:** This is a changed version of the work.
- **New material included in claim:** Additional text of computer program

## Certification
- **Name:** Jason M. Drangel
- **Date:** November 14, 2007

---

Correspondence: Yes

IPN#: **

Registration #: *TX0006814400*

Service Request #: 1-21050533

Epstein Drangel Bazerman & James, LLP
Jason M. Drangel
60 East 42nd Street, Suite 820
New York, NY 10165